## MEMORANDUM DECISIONS

AIR REDUCTION CO., Inc., Appellant, v. CARBO-OXYGEN CO., Appellee.

Circuit Court of Appeals, Third Circuit. April 12, 1927.

Rehearing Denied July 5, 1927.

No. 3559.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

John F. Neary, of Wilmington, Del. (Dean S. Edmonds and W. Brown Morton, both of New York City, of counsel), for appellant.

Irving M. Obrieght, of New York City, William G. Mahaffy, of Wilmington, Del., and Clair W. Fairbank, of New York City, for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case involves the validity and infringement of certain claims of two patents. As to one, No. 959,563, granted May 31, 1910, to Levy and Helbronner for a method for the separation of gases, the finding of the court below was that it was devoid of invention, and further that it was "purely a paper patent, whose application remained long in the Patent Office. It has made no imprint upon the art. As I view it, it is a duplication of Linde's process and without patentable novelty." The other patent, No. 957,170, was granted May 3, 1910, to the same persons, for the separation of gases from their mixtures. As to it, the court held: "I think the disclosures of the Linde patent constitute a complete anticipation of Levy and Helbronner patent No. 957,170;"

adding, "To these two patents, whose respective effective dates follow hard upon Linde's announcement, through printed publication and patent, of his two epoch-making advances in the air-separation art, the oft-quoted words of Mr. Justice Bradley in Atlantic Works v. Brady, 107 U. S. 192, 199, 200, 2 S. Ct. 225, 27 L. Ed. 438, are, I think, peculiarly appropriate." From a decree dismissing the bill this appeal was taken.

In arriving at the foregoing conclusions, the court below filed an opinion, reported at 17 F.(2d) 138, so thorough, clear, and convincing that for this court to again discuss the case at the length and detail, as it must be discussed, if discussed at all, would only result in a studied effort to veil in different language the reasoning which impelled Judge Morris to decide as he did. The case has had our full consideration, and we evidence that fact by now adopting the opinion below as the decision of this court, only adding that the testimony in the case satisfies us that even the practice and experience of the plaintiff in its own use of the devices of the patent brought about no improved results or product over the earlier practice of Linde.

The judgment below is therefore affirmed.